IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDRE' D. EVANS,

    Plaintiff,

v.                                                                          Civil Action No. 3:11CV104

JOHN JABE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Andre' D. Evans, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this action. The matter is before the Court on Evans's failure to serve the defendants within the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), Evans had one hundred and twenty (120) days from the filing of the complaint to serve the defendants. Here, that period commenced on January 31, 2012. On February 29, 2012, the Office of the Attorney General of Virginia notified the Court that it was unable to accept service of process on behalf of Defendant Creque because Canteen Services employs Defendant Creque, not the Commonwealth of Virginia. (ECF No. 30.) On April 9, 2012, the Court warned Evans that it remained his

---

[1] Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

responsibility to complete service of process on Defendant Creque within the 120-day period imposed by Federal Rule of Civil Procedure 4(m), and if Evans wished the Marshal to serve Defendant Creque, Evans must provide an address for service. Evans failed to provide an address.

By Memorandum Order entered on March 11, 2013, the Court directed Evans, within eleven (11) days of the date of entry thereof, to show good cause for his failure to serve Defendant Creque within the time required by Rule 4(m). In response, Evans claims that Defendant Creque is no longer employed by Sussex II State Prison and the prison refuses to provide a current address.

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases). Because Evans fails to demonstrate good cause for his failure to serve Defendant Creque, the action against Defendant Creque will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 5/20/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

2